IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03515-GPG

LINDA FAYE J. DONNA,

Plaintiff,

v.

COUNTRYWIDE MORTGAGE, a.k.a. BANK OF AMERICA,
BANK OF AMERICA, N.A., A Nationally Chartered Bank, and
NATIONSTAR MORTGAGE, A Nationally Servicing Company,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff Linda Faye J. Donna, acting *pro se*, initiated this action by filing a Complaint, ECF No. 1. The Court reviewed the Complaint, determined that Plaintiff's Complaint had failed to comply with Fed. R. Civ. P.8, and directed Plaintiff to file an Amended Complaint that is in compliance. On February 2, 2015, Plaintiff filed an Amended Complaint. The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the Amended Complaint and finds it too does not comply with Rule 8. The Amended Complaint is repetitive, does not state proper jurisdiction, and fails to present the claims against Defendants in a short and concise manner.

As Plaintiff was informed in the January 4, 2015 Order to Amend, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be **simple, concise, and direct**." (emphasis added). Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Upon review of the "face of the complaint," the Court finds Plaintiff is asserting violations of the State of Colorado constitution and other various state law causes of action, and not claims pursuant to the Constitution and laws of the Unites States. *See Firstenberg v. City of Santa Fe, N.M.*, 698 F.3d 1018, 1023 (10th Cir. 2012) (in assessing presence of federal question courts are to look at face of complaint) (quoting *Sac & Fox Nation of Okla. v. Cuomo*, 193 F.3d 1162, 1165 (10th Cir. 1999)); *see also Bell v. Hood*, 327 U.S. 678, 681 (1946) (must look to the way the complaint is "drawn;"

must seek a right to recovery under the Constitution and laws of United States). The Court, therefore, does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's claims. Furthermore, Plaintiff fails to assert diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." The facts essential to show diversity jurisdiction must be pleaded affirmatively. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Plaintiff alleges that the parties are citizens of different states, but does not specify an award of damages that satisfies the amount in controversy requirement for diversity jurisdiction.

Plaintiff also fails to allege specific facts that demonstrate how Defendants violated the Colorado Constitution, Article VI § 9. Merely making vague and conclusory allegations that her rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally a court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Plaintiff will be ordered to file a Second Amended Complaint that provides fair notice of the specific jurisdiction for filing this action in this Court and assert claims that identify the legal basis for each claim. Plaintiff also in a simple and concise manner "must explain what each defendant did to [ ] her; when the defendant did it; how the defendant's action harmed [ ] her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Plaintiff file, **within thirty days from the date of this Order**, a Second Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the appropriate Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, use the Court-approved form to amend. It is

FURTHER ORDERED that, if Plaintiff fails within the time allowed to file a Second Amended Complaint that complies with this Order, the action will be dismissed without further notice. IT IS

FURTHER ORDERED that Plaintiff's "Motion for Extension of 1st Amended Filing Time," ECF No. 7, is denied as moot.

DATED February 4, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

______________________________
United States Magistrate Judge